Sylvia ROBINSON et al., Plaintiffs,

v.

**SANCTUARY RECORD GROUPS, LTD. and Sanctuary Copyrights, Ltd., Defendants.**

**No. 03 CV 10235(VM).**

United States District Court, S.D. New York.

April 16, 2008.

James P. Cinque, Cinque & Cinque, Oren J. Warshavsky, Troutman Sanders LLP, New York, NY, for Plaintiffs.

Helene Marian Freeman, Dorsey & Whitney LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs Sylvia Robinson ("S. Robinson"), Sylvia, Inc. ("Sylvia"), and Joseph Robinson, Jr. ("J. Robinson"), individually and as a member of "The Sugar Hill Gang" ("The Sugar Hill Gang"); Henry Jackson ("Jackson") and Michael Wright ("Wright"), professionally known as "The Sugar Hill Gang"; and George Kerr ("Kerr"), Wesaline Music ("Wesaline"), Jonathan Williams ("Williams"), Clifton Chase ("Chase"), and Edward Fletcher ("Fletcher") (collectively, "Plaintiffs") commenced this action against defendants Sanctuary Records Group, Ltd. and Sanctuary Copyrights, Ltd. (collectively, "Sanctuary")[1] seeking rescission of certain musical recording agreements (the "Agreements"),[2] and incidental damages flowing from exploitation of Plaintiffs' musical recordings or, in the alternative, an order directing "Sanctuary to account and pay [P]laintiffs all royalties due to them pursuant to the terms of the Agreements." (Compl. ¶ 40.)

After Sanctuary failed to file an answer, a default judgment was entered against Defendants on May 28, 2004 by Order of the Honorable Richard Owen (the "Default Judgment"), and the matter was referred to Magistrate Judge Gabriel W. Gorenstein for an inquest on damages. Following a hearing on damages, Magistrate Judge Gorenstein submitted a Report and Recommendation on March 30, 2006 (the "Report"), concluding that Plaintiffs should not be awarded any damages because they failed to sufficiently establish grounds for any award.

In response to Plaintiffs' objections to the Report, Judge Owen held a bench trial (the "Trial") from May 29, 2007 through June 1, 2007 on the sole issue of damages. This Court, by Decision and Order dated March 24, 2008 (the "Decision and Order"), after conducting a de novo review, endorsed the recommendation of the Report insofar as it was relevant to the Court's conclusions, and supplemented Magistrate Judge Gorenstein's analysis in accordance with the Court's own review of the Report, the Trial, and factual record. The Court determined that Plaintiffs had not met their burden of proving reasonable damages, and awarded Plaintiffs no damages.[3]

On April 11, 2008, Sanctuary filed a Notice of Motion to amend the Decision and Order, or in the alternative, to vacate the entry of the Default Judgment under Federal Rules of Civil Procedure 55(c) ("Rule 55(c)") and 60(a) ("Rule 60(a)"). For the reasons set forth below, Sanctuary's motion is DENIED.

---

1. By Order Denying Motion to Vacate Default Judgment and Granting Cross–Motion to Substitute Defendants, dated July 30, 2004 (the "Substitution Order"), defendants Sanctuary were substituted for Sanctuary Music.

2. The Agreements include: an agreement dated May 15, 1970 between S. Robinson and Platinum Record Company, Inc,; an agreement dated January 3, 1982 between S. Robinson and Sugar Hill, Records Ltd. ("Sugar Hill Records"); an agreement dated in or about 1970 between S. Robinson and All Platinum Record Company ("All Platinum"); an agreement dated in or about 1980 between S. Robinson and Sylvia; an agreement dated July 25, 1981 between J. Robinson and Sugar Hill Records; an agreement dated in or about 1980 between J. Robinson and Sugar Hill Records; an agreement dated August 25, 1979 between Jackson, Wright, Guy O'Brien and Sylvia; an agreement dated in or about 1980 between Jackson, Wright, O'Brien and Sugar Hill Records; an agreement dated May 6, 1971 between Kerr and All Platinum; an agreement dated in or about 1994 or 1995 between Wesaline and Sugar Hill Records; an agreement dated in or about 1975 between Williams and All Platinum; an agreement dated April 7, 1976 between Williams and All Platinum; an agreement dated in or about 1980 between Chase and Sugar Hill Records; and an agreement dated October 11, 1981 between Fletcher and Sugar Hill Records.

3. Additional background information is discussed in *Robinson v. Sanctuary Record Groups, Ltd.*, No. 03 CV 10235, 2008 WL 1699790 (S.D.N.Y. April 8, 2008) and *Robinson v. Sanctuary Record Groups, Ltd.*, 542 F.Supp.2d 284 (S.D.N.Y.2008), familiarity with which is presumed.

## I. *DISCUSSION*

### A. *STANDARD OF REVIEW*

Pursuant to Rule 55(c), a court may set aside a default judgment in accordance with Rule 60(b), which states in relevant part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; ... or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

■ Rule 60(b) provides an equitable remedy that "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir.1994) (citation and quotation marks omitted). As an equitable remedy, Rule 60(b) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986) (citations and quotation marks omitted).

### B. *APPLICATION*

■ Sanctuary argues that the Court should amend its Decision and Order to the extent that it provided for rescission of the Agreements, or in the alternative, to vacate the entry of the Default Judgment under Rule 55(c) and 60(b). However, Sanctuary is raising issues in their current motion that should have been addressed before Judge Owen and are more properly raised on appeal. Additionally, Sanctuary is asserting some of the same arguments in this motion that were raised by Order to Show Cause before Judge Owen, which was denied on July 30, 2004, and during the Trial. *See United States v. Thorn*, 446 F.3d 378, 383 (2d Cir.2006) ("The law of the case doctrine counsels against revisiting our prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (*quoting United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir.2000)); *see also Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 100 F.3d 243, 251 (2d Cir.1996) ("It goes without saying" that first district judge's ruling was the law of the case even after the case was reassigned to second district judge.)

"[F]inal judgments should not be lightly reopened, [Rule 60(b)] may not be used as a substitute for timely appeal.... Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Central Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir.2003). Accordingly, Sanctuary's motion to amend the Decision and Order, or in the alternative, to vacate the Default Judgment is denied. *See also Gibson v. Commissioner of Mental Health*, No. 04 Civ. 4350, 2006 WL 2192865, at *2 (S.D.N.Y. Aug. 2, 2006) ("Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed.") (*citing Hernandez v. United States*, No. 99 Civ. 4303, 2000 WL 744148, at *1 (S.D.N.Y. June 8, 2000)) (denying Rule 60(b) motion where "[t]he vast bulk of [movant's] argument constitutes nothing more than a futile effort to have this Court revisit its Opinion"); *Batac Dev. Corp. v. B & R Consultants, Inc.*, No. 98 Civ. 721, 2000 WL 307400, at *3 (S.D.N.Y. Mar. 23, 2000) (holding that a party "may not ... use Rule 60(b) as a substitute for appeal or to relitigate matters already resolved by the court adversely to that party.").

## II. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Docket No. 84) to amend the Decision and Order (Docket No. 80) dated March 24, 2008, or in the alternative, to vacate the Default Judgment (Docket No. 5) dated May 28, 2004 is denied.

**SO ORDERED.**